Guy H. Holman
State Bar No. 24095171
Guy Harvey Holman, PLLC
8330 LBJ Fwy., Suite 445
Dallas, Texas 75243
Telephone: (972) 325-2900
gholman@debtreset.net
Attorney for Rita Cazares

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **RITA CAZARES** | § | |
| | § | **CASE No. 24-31175-7** |
| | § | |
| **Debtor** | § | **Chapter 7** |
| | § | |
| **ESTATE OF RITA CAZARES ( ON BEHALF OF HER SUCCESSORS IN INTEREST)** | § | |
| | § | |
| **Plaintiff,** | § | **ADVERSARY NO. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **GOODLEAP,LLC** | § | |
| **Defendant.** | § | |

**ORIGINAL COMPLAINT FOR CIVIL CONTEMPT AND DAMAGES FOR**
**VIOLATION OF THE DISCHARGE ORDER**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COMES NOW Plaintiff, Rita Cazares (now deceased) ("Cazares"), by and through counsel, and complains of Defendant, Goodleap LLC ("GoodLeap" or "Defendant") for violations of the Discharge Order. Plaintiff respectfully states as follows:

## I. INTRODUCTION

1. Plaintiff's Estate and successors in interest bring this action for Defendant's violations of the Discharge Order and seeks actual damages, punitive damages, legal fees and expenses against Defendant. Plaintiff asserts that Defendant has engaged in willful, malicious, deceptive, and harassing actions against Plaintiff in furtherance of its effort to illegally collect from Plaintiff, *in personam and in rem*, a debt that was included in her bankruptcy case while Defendant knew or should have known such debt was subject to the Discharge Order. Defendant's harassment includes: maintaining a UCC lien clouding title on the plaintiff's home via a UCC lien in an attempt to force and coerce plaintiff into paying a debt that was discharged on collateral which was surrendered in her bankruptcy, in direct violation of 11 U.S.C. § 542.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction to consider the claims in this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), 1331, 1334, and 1337(a), and the Court has the authority to enter a final order regarding this contested matter because it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (E), and (G) as this matter concerns alleged violations of 11 U.S.C. § 542(a). Should it be necessary, the Plaintiff consents to the entry of a final order or judgment by this Court. Further, venue is proper in this district/division pursuant to 28 U.S.C. §§ 1391(b)(2), 1408, 1409 and for the reason that this Court may enforce its own orders.

## III. PARTIES

3.     Plaintiff was the debtor in the above referenced bankruptcy case who is now deceased. This action is bought by her Estate and successors in interest.

4.     Defendant GoodLeap LLC is a foreign corporation, organized and existing under the laws of California, whose principal office is located at 8781 Sierra College Blvd. Roseville, CA 95661, and is authorized to do business in Texas and may be served with process by serving its registered agent, CT Corporation System, in Dallas County at 1999 Bryan Street, Suite 900, TX 75201.

5.     GoodLeap, LLC is a creditor in this bankruptcy case.

## IV.     FACTUAL ALLEGATIONS

6.     Prior to filing for bankruptcy, Plaintiff owed a debt to Defendant pursuant to a promissory note and security interest in solar panels.

7.     On April 23, 2024, Plaintiff commenced the above-styled bankruptcy case ("Bankruptcy Case") by filing a Chapter 7 Voluntary Petition for Bankruptcy and pursuant to 11 U.S.C. § 301, an Order for Relief was entered in the Bankruptcy Case effective on the same day.

**A.     The Subject Claim was Included in Plaintiff's Bankruptcy Case.**

8.     Together with the voluntary petition, Plaintiff filed Schedules E/F which listed the claim of GoodLeap as unsecured in the amount of $77,711.00. [Exhibit A].

9.     On or about April 27, 2024, the bankruptcy clerk sent the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines ("341 Notice") to all creditors, including Defendant based on the Mailing Matrix, which constituted formal notice to Defendant of the Bankruptcy Case. The 341 Notice warned all creditors, including Defendant, in conspicuous language against violating the Discharge Order pursuant to 11 U.S.C. §542.  The United States

Postal Service did not return the 341 Notice sent to Defendant so there is a presumption that the 341 Notice mailing was received.

10. On May 30, 2024, the Meeting of Creditors was held.

11. The Court set the deadline to object to the Plaintiff's discharge as July 29, 2025. No creditor or party in interest filed an objection to the Plaintiff's discharge.

12. The Court entered an Order of Discharge on July 31, 2024.

13. True and correct copies of the Discharge Order and Certificate of Service are attached hereto as [Exhibit B].

**B.    After the Filing of the Petition, Defendant Engaged in *In Personam* Debt Collection Actions Against Plaintiff in Violation of the Discharge Order**

14. After the filing of the Discharge Order, Defendant continued to engage in debt collection actions against Plaintiff personally, as if the debt on the account is still collectable against Plaintiff.

15. Specifically, Defendant GoodLeap maintains a UCC lien, clouding title to the debtor's homestead, when Goodleap has been directed to remove their solar panels which is its sole collateral. [Exhibit C]

16. At all relevant times, Defendant knew or should have known that Plaintiff was a debtor in a bankruptcy case, protected from any direct or indirect collection actions from creditors and debt collectors by virtue of the Discharge Order provided in 11 U.S.C. § 524.

17. Defendant was aware that its collection action would and did damage Plaintiff and her ability to have a fresh start guaranteed by the United States Bankruptcy Code.  Worse still, the willful actions of the Defendant rendered the Plaintiffs severely stressed and anxious to enjoy her primary residence.

**V.    GROUNDS FOR RELIEF**

### VIOLATION OF THE DISCHARGE ORDER

18. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs above, as if set forth herein in its entirety.

19. At all times material to this proceeding, Defendant had actual knowledge of Plaintiff's Chapter 7 bankruptcy filing and the prohibition on collection of debts discharged pursuant to the Discharge Order.

20. Further Debtor's counsel sent Defendant additional notice of the discharge and surrender of collateral via demand letter. [Exhibit D]

21. Defendant failed to cease their debt collection actions when they became aware that the Plaintiff's personal liability on the claim had been discharged, and when further informed that the collateral was surrendered.

22. Defendant's aforesaid actions are willful acts and constitute efforts to collect a debt from Plaintiff in violation of the Discharge Order 11 U.S.C. § 524(a). Defendant's failure to comply with the aforesaid laws in light of being on notice of Plaintiff's Bankruptcy Case illustrates its contempt for federal law, the Discharge Order, and this Court.

23. The facts and background stated above demonstrate that Defendant willfully violated the orders and injunctions of the Court. After this prima facie showing by Plaintiff, the duty falls on Defendant to show, as their only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of inability. Failing to show a present inability to comply with the orders and injunctions of the Court by Defendant, Plaintiff must prevail on her claims and Defendant must be held liable for willfully violating the orders and injunctions of the Bankruptcy Court. Any defense put forth by Defendant in this adversary proceeding can only constitute a good faith exception, as no other reasonable

explanation can be made for the conduct and actions of Defendant. Any allegation of a good faith exception should not be allowed.

24. There are no exceptions under 11 U.S.C. § 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the Discharge Order.

25. The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint, none of which occurred here. No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

26. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court. Any burdening of Plaintiff with an obligation to police the misconduct of the Defendant would be a complete derogation of the law. It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance. Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited. Any such defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant. No defense of failure to mitigate should be allowed.

## VI. DAMAGES

27. Plaintiff repeats, re-alleges, and incorporates all previous paragraphs above as if set forth herein in its entirety.

28.     11 U.S.C. § 524(a) and the lawful injunctions pursuant to 11 U.S.C. § 105 require that one injured by a willful violation of the orders and injunctions of the Bankruptcy Court be awarded actual damages. These damages include not only reimbursement for financial injury, but compensation for non-financial injury as well. Further, the Court may award a plaintiff punitive damages under appropriate circumstances.

29.     Defendant's conduct has substantially frustrated Plaintiff's fresh start and has cost Plaintiff unnecessary time, effort and expense in seeking to enforce her rights to the protections of the Discharge Order. As a result of the actions and inactions of Defendant, Plaintiff has been deprived of a fresh start and a cloud on her title remains.

30.     Damages should be awarded in this case not only to compensate for the losses or injuries presumed and sustained by Plaintiff, but also to coerce Defendant into compliance with the orders issued by this Bankruptcy Court and other bankruptcy courts in which Defendant may come into contact.

31.     Neither cost-benefit analysis nor proportionality is allowed in determining any element of damages awarded with the exception of punitive damages sought.

32.     An award of damages to cover the value of any loss, any out-of-pocket expenses or cost incurred, including the value of time spent by Plaintiff in having to deal with the actions of Defendant, and in having to participate in this adversary proceeding.

33.     Damages for Plaintiff's emotional distress and mental anguish caused by Defendant's violations of the Court's order are recoverable, because actual damages include these types of economic and non-economic harms.

34.     Plaintiff's emotional distress is significant in that it is not and was not fleeting, inconsequential or trivial from Plaintiff's perspective. This is evident from the fact that the filing

of the Bankruptcy Case was Plaintiff's attempt to alleviate the insurmountable social and economic problems she faced, as well as to preserve the dignity she held for herself. The Discharge Order that was promised to the Plaintiff is designed to ease the Plaintiff's emotional distress and mental anguish. Here, Defendant's violations caused the Plaintiff's distress and mental anguish to return and intensify just when she needed relief the most.

35. Plaintiff's emotional distress and mental anguish are distinct from the anxiety and pressures inherent with filing a Chapter 7 bankruptcy, in that the bankruptcy process is intended to take the pressure off of Plaintiff from having to deal with the very actions and conduct of Defendant complained of here, and therefore, the actions and conduct of Defendant cannot be deemed inherent in the bankruptcy process.

36. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages include reasonable attorneys' fees incurred in prosecuting this claim.

37. Defendant's actions have caused Plaintiff to seek counselling in order to cope with the emotional and mental stress resulting from the aggressive continuous efforts to collect the debt.

38. The conduct of Defendant has substantially frustrated the Discharge Order in this case and has cost Plaintiff unnecessary time, effort and expense in seeking to enforce her right to protection from creditor harassment.

39. This Court has the power to hold Defendant in contempt and issue sanctions by virtue of the Court's inherent authority to enforce its own orders, the Discharge Order, and the statutory authority set forth in 11 U.S.C. § 105(a). Plaintiff requests that the Court hold Defendant in contempt to enforce and to protect the integrity of the Discharge Order.

40. Plaintiff has been injured and damaged by Defendant's actions and is entitled to recover judgment against Defendant for actual damages in an amount not less than $25,000.00,

and punitive damages in an amount not less than $25,000.00, plus an award of costs and reasonable attorneys' fees, for violations of 11 U.S.C. § 524, and pursuant to the Court's powers under 11 U.S.C. § 105.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Court will:

A. Find that the debt owed by Plaintiff to Defendant was subject to the Discharge Order in Plaintiff's Bankruptcy Case;

B. Find that Defendant violated the Discharge Order;

C. Find that Defendant violation of the Discharge Order was "willful" as that term has been defined;

D. Enjoin Defendant from further violations of the Discharge Order;

E. Sanction Defendant and award Plaintiff actual damages for all economic, financial, non-economic and non-financial harm or injury Plaintiff suffered as a result of Defendant's actions, including attorneys' fees, costs and expenses;

F. Find that appropriate circumstances exist for an award of punitive damages to Plaintiff;

G. Find Defendant in contempt for violating the Discharge Order;

H. Sanction and award Plaintiff damages necessary to coerce Defendant into compliance with this Court's orders, as well as the orders of other bankruptcy courts in which Defendant may come into contact;

I. Award to Plaintiff, and for the benefit of the undersigned attorney, all of her attorneys' fees, costs and expenses incurred in prosecuting this adversary proceeding; and

J. Grant such other and further relief, in equity or in law, to which Plaintiff may show herself justly entitled.

Dated: August 26, 2025                                      Respectfully submitted,

                                                          _/s/ Guy H. Holman_____
                                                          Guy H. Holman
                                                          State Bar No. 24095171
                                                          Guy Harvey Holman, PLLC
                                                          8330 LBJ Fwy., Suite 445
                                                          Dallas, Texas 75243

Telephone: (972) 325-2900
gholman@debtreset.net
Attorney for Rita Cazares